*421 JUSTICE COMPTON,
with whom JUSTICE KINSER joins, concurring.
I agree with the result of this appeal. However, I cannot subscribe to the rationale employed by the majority to reach the result.
In deciding this case, one must be careful to recognize the distinctions among bodily injury liability insurance coverage, uninsured motorist coverage for bodily injury, and underinsurance motorist coverage for bodily injury.
On April 9, 1994, Trisvan, the claimant, was a passenger in a motor vehicle operated by Smith, the tortfeasor. The vehicle left the road because of the alleged negligence of the tortfeasor and overturned injuring the claimant. No other vehicle was involved in the accident.
At the time, the vehicle operated by the tortfeasor was insured by Integon Indemnity Corporation. The policy had bodily injury liability limits of $25,000 for each person injured and a like amount of uninsured and underinsured motorist coverage for bodily injury. Those were the minimum limits required by the applicable financial responsibility statute. Code § 46.2-472(3). Thus, the tortfeasor’s vehicle was not an uninsured motor vehicle.
The claimant qualified as an insured under a “Family Automobile Policy” issued to his parents by Agway Insurance Company. As relevant here, that policy contained an endorsement for uninsured motorist coverage for bodily injury and an endorsement for underinsured motorist coverage for bodily injury with a single limit of $100,000 for each person.
The claimant’s injuries resulted in damages exceeding $125,000. Thus, Integon paid the claimant the limits of $25,000 under its bodily injury liability coverage. Agway paid the claimant $75,000 under its uninsured/underinsured motorist coverage for bodily injury, claiming that was the full sum it owed.
The claimant contends he is entitled to collect a total of $100,000 from Agway. This declaratory judgment proceeding ensued, and was decided in favor of Agway on cross motions for summary judgment.
The controversy must be resolved by determining the amount that the claimant’s vehicle was underinsured under Code § 38.2-2206(B). According to the statute, a motor vehicle is underinsured “when, and to the extent that, the total amount of bodily injury . . . coverage applicable to the operation or use of the motor vehicle ... is less *422 than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of the vehicle.”
Here, the tortfeasor’s vehicle was an insured motor vehicle, not an uninsured motor vehicle under the Integon policy. Thus, the uninsured motorist coverage for the tortfeasor’s vehicle was not coverage “afforded” the claimant. In other words, the $25,000 Integon uninsured motorist limit may not be added when computing “the total amount” of “coverage” referred to in the statute to determine the extent to which the claimant’s vehicle was underinsured.
Therefore, because the tortfeasor was insured, there is $75,000 underinsured motorist coverage available to the claimant. Combining Integon’s payment of its liability limits of $25,000 with Agway’s payment of $75,000 means that the claimant has received a sum equal to his uninsured motorist limit of $100,000. A contrary ruling, viz., that a tortfeasor’s uninsured motorist coverage is always applicable when determining the amount of underinsured motorist coverage available to an injured claimant, would render meaningless the distinction in coverage available under the uninsured or underinsured provisions of a policy or the statute. In sum, the claimant is not entitled to assume that the tortfeasor’s vehicle is uninsured in order to be able to use Integon’s uninsured motorist coverage when computing available underinsured motorist coverage.
For the foregoing reasons, I would affirm the trial court’s judgment that Agway has fully discharged its lawful obligation to the claimant.